UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION AT DETROIT

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

D-2 DAVID FARAJ
 a/k/a Daoud Faraj

        Defendant.
_____/

CRIMINAL NO. 08-20305

HON. PATRICK J. DUGGAN

STIPULATION FOR ENTRY OF PRELIMINARY ORDER OF FORFEITURE
AS TO DEFENDANT DAVID FARAJ

    The United States of America, by and through its attorneys, TERRENCE BERG, United States Attorney for the Eastern District of Michigan, PHILIP A. ROSS, Assistant U.S. Attorney, together with Defendant DAVID FARAJ, by and through his attorney, BARRY RESNICK, hereby submit this Stipulation for Entry of Preliminary Order of Forfeiture:

    WHEREAS, a Superceding Indictment was issued on July 9, 2008 charging Defendant, DAVID FARAJ, in Count One of violating 18 U.S.C. § 1349 and 1343 (Conspiracy to Commit Wire Fraud), in Count Two of violating 18 U.S.C. § 371(Conspiracy to Commit Offense or to Defraud the United States) and in Count Three through Count Eight of violating 18 U.S.C. § 1001 (False Statements);

    WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S. C. § 2461(c) the Superceding Indictment also sought criminal forfeiture of any property constituting or derived from proceeds traceable to a violation of . . .any offenses constituting "specified unlawful

activity" (as defined in section 1956(c)(7)(A) of title 18), or a conspiracy to commit such offense.

WHEREAS, on October 13, 2009, Defendant, DAVID FARAJ, entered into a Rule 11 Plea Agreement on October 22, 2009, and pled guilty to Count One of Conspiracy to Commit Wire Fraud in violation of Title 18, United States Code, Section 1349, and agreed to the entry of a money judgment against him and in favor of the United States in the amount of $150,000;

WHEREAS, Defendant DAVID FARAJ in entering into this agreement with respect to forfeiture, expressly waives his right to have a jury determine the forfeitability of his interest in such property as provided by Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure.

WHEREAS, Defendant DAVID FARAJ agrees to waive the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

WHEREAS, Defendant DAVID FARAJ knowingly, voluntarily and intelligently waives any challenge to the above described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

WHEREAS, Defendant DAVID FARAJ agrees to release, remise and discharge Plaintiff, the United States of America, and any of its agencies involved in this matter, including but not limited to the United States Secret Service and the United States Small Business Administration-Office of Inspector General, United States Marshal's Service, their agents and/or supervisors, and state and local law enforcement officers and their agents, officers and employees, past and

present, from all claims or causes of action which Defendant and his agents, officers, employees, assignees and/or successors in interest have, may have had or may have on account of the events or circumstances giving rise to the above-captioned action.

NOW, THEREFORE, based upon Defendant DAVID FARAJ'S guilty plea, the money judgment and forfeiture provisions in the Rule 11 Plea Agreement, and the record in this case;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:**

1. A money judgment in the amount of $150,000 is granted and entered against the Defendant, DAVID FARAJ, in favor of the United States of America.

2. This Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(1) and (2), because the forfeiture consists entirely of a money judgment and no ancillary proceeding is required.

3. Any property owned or controlled by the defendant is subject to forfeiture as a substitute asset under 21 U.S.C. § 853(p)(2) to satisfy the money judgment.

4. The United States is authorized to conduct any discovery permitted under the Federal Rules of Civil Procedure to locate assets of the defendant which may be used to satisfy this forfeiture money judgment.

5. Upon identification and location of any and all substitute assets, the United States is authorized to begin proceedings consistent with applicable statutory requirements pertaining to ancillary hearings and the rights of any third parties. The United States shall then publish on the official website www.forfeiture.gov, notice of this preliminary forfeiture order and of its intent to dispose of substitute assets in such manner as the Attorney General may

direct, pursuant to 21 U.S.C. § 853(n). Said notice shall direct that any person other than the Defendant asserting a legal interest in the currency may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the substitute assets. The petition must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the substitute assets, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the substitute asset, any additional facts supporting the petitioner's claim, and the relief sought.

6. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the substitute assets.

7. Following the Court's disposition of all petitions filed, if any, upon proof of publication and notice to any persons known to have alleged an interest in the substitute assets and upon entry of a Final Order of Forfeiture, the United States shall have clear title to the substitute assets.

8. Any petition filed by a third party asserting an interest in the substitute assets shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the substitute assets, the time and circumstances of the petitioner's acquisition of the right, title or interest in the substitute assets, any additional facts supporting the petitioner's claim and the relief sought.

9. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the substitute assets following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), which is incorporated by 28 U.S.C. § 2461(c), for the filing of third party petitions.

11. The Court shall retain jurisdiction to enforce the Stipulated Preliminary Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

11a. Defendant, DAVID FARAJ, shall furnish a financial statement to the attorneys for the Government at or before sentencing.

12. Pursuant to Fed. R. Crim. P. 32.2(e), the Court shall exercise continuing jurisdiction over the forfeiture of subsequently located property and substitute property to satisfy the money judgment.

Agreed to as to form and substance:

TERRENCE BERG
United States Attorney

s/Philip A. Ross  
PHILIP A. ROSS  
Assistant U.S. Attorney  
211 W. Fort Street, Suite 2001  
Detroit, MI 48226  
(313) 226-9790

s/Barry Resnick  
BARRY RESNICK  
Attorney for Defendant David Faraj  
30300 Northwestern Highway, Suite 303  
Farmington Hills, MI 48334  
(248)851-3887

philip.ross@usdoj.gov                barcorvette@hotmail.com
VA State Bar # 70269                 P23153

Dated: 2/10/10                       Dated: 2/08/10



                                     See attached signature page
                                     DAVID FARAJ

                                     Dated: _____

***************************************************************************

**IT IS SO ORDERED**:

                    S/Patrick J. Duggan
                    Patrick J. Duggan
                    United States District Judge

Dated:  February 11, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 11, 2010, by electronic and/or ordinary mail.

                    S/Marilyn Orem
                    Case Manager

12. Pursuant to Fed. R. Crim. P. 32.2(e), the Court shall exercise continuing jurisdiction over the forfeiture of subsequently located property and substitute property to satisfy the money judgment.

Agreed to as to form and substance:

TERRENCE BERG
United States Attorney

_____
PHILIP A. ROSS
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9790
philip.ross@usdoj.gov
VA State Bar # 70269

Dated: 2/10/10

_____
BARRY RESNICK
Attorney for Defendant David Faraj
30300 Northwestern Highway, Suite 303
Farmington Hills, MI 48334
(248)851-3887
barcorvette@hotmail.com
P23153

Dated: 2/8/10

_____
DAVID FARAJ

Dated: 2/8/10

*****************************************************************

**IT IS SO ORDERED**:

_____
HONORABLE PATRICK J. DUGGAN
United States District Judge

Dated:_____

6